IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DEBORAH LEE ROSEBORO** | : | CIVIL ACTION |
| *Plaintiff* | : | |
| | : | |
| v. | : | NO. 25-CV-5418 |
| | : | |
| **FEDERICK J. BAKER**, *et al.*, | : | |
| *Defendants* | : | |

**M E M O R A N D U M**

NITZA I. QUIÑONES ALEJANDRO, J.                                                                 NOVEMBER 24, 2025

Plaintiff Debora Lee Roseboro initiated this *pro se* civil action alleging employment discrimination and retaliation claims against two of her former supervisors at the United States Trustee's Office. For the reasons set forth, Roseboro is granted leave to proceed *in forma pauperis* and the Complaint is dismissed, without prejudice, to her filing an amended complaint.

**I.     FACTUAL ALLEGATIONS**[1]

Roseboro is a Black woman. (Compl. at 4.) In her complaint, she alleges that she was subjected to race-based discrimination and retaliation by two of her former supervisors at the United States Trustee's Office in Philadelphia, Pennsylvania; *to wit*: Andrew R. Vara and Frederic J. Baker. (*Id*. at 2.) Roseboro used the Court's form complaint for alleging employment discrimination to plead her claims and attached additional pages of handwritten allegations. She checked boxes on the form complaint indicating that her discrimination claims are under Title VII of the Civil Rights Act of 1964 ("Title VII"). (Compl. at 1.) She lists the following categories of discriminatory conduct to support her claims: "termination of employment," "failure to promote,"

---

[1] The following allegations are taken from the Complaint (ECF No. 2.) The Court adopts the sequential pagination supplied by the CM/ECF docketing system.

and "retaliation." (*Id*. at 3-4.) She also asserts as discriminatory conduct that she was "fired . . . on an illegal warrant because Mr. Baker knew he was committing fraud." (*Id*. at 4.)

Roseboro alleges that in October 2021, she filed a "lawsuit" with the EEOC against Vara, Baker, and Diane Dugan from the Human Resources department. (*Id*. at 4, 7.) She states that the claim was "for poor performance evaluations . . . and fraud." (*Id*. at 4.) She also states that for over fifteen years, Defendants required her to write her own performance evaluations "to avoid promoting [her]." (*Id*. at 7.) Frederic allegedly "manipulated" Roseboro's evaluations "to justify denying [her] promotions based on discriminatory reasons." (*Id*.) When Roseboro complained to Dugan that she was being overlooked for promotions while others in the office "were advancing at a consistent rate," Dugan responded that "'this is Mr. Baker's office, [and] he can do whatever he wants." (*Id*. at 8.) Roseboro alleges that she was terminated in January of 2022 for an "illegal arrest warrant;" however, the "arrest warrant was dismissed."[2] (*Id*. at 9.) She alleges that her termination constituted retaliation for filing the EEOC complaint against Vara, Baker, and Dugan. (*Id*. at 10.) Based on these allegations, Roseboro asserts race discrimination and retaliation claims under Title VII. For relief, she requests money damages, that Defendants be fired and sent to prison, and that she be reinstated and promoted at the U.S. Trustee's Office. (*Id*. at 6, 14.)

## II.     STANDARD OF REVIEW

Because Roseboro appears to be unable to pay the filing fee in this matter, the Court will grant her leave to proceed *in forma pauperis*. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss

---

[2]     Roseboro attaches as an exhibit to her Complaint a copy of the criminal docket, *Commonwealth v. Roseboro*, MJ-38104-CR-0000159-2021 (M.J. Montgomery). The exhibits reveal that the charges against Roseboro were dismissed in October of 2023, over a year after she was allegedly terminated.

under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). At this early stage of the litigation, the Court will accept the facts alleged in the *pro se* Complaint as true, draw all reasonable inferences in Roseboro's favor, and ask only whether the Complaint contains facts sufficient to state a plausible claim. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. The Court construes the allegations of a *pro se* litigant liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

### III.    DISCUSSION

Roseboro asserts race discrimination and retaliation claims under Title VII. Federal law prohibits employment discrimination based on race, among other things. *See E.E.O.C. v. Allstate Ins. Co.*, 778 F.3d 444, 448-49 (3d Cir. 2015) (citing 42 U.S.C. § 2000e-2(a)). To state a plausible employment discrimination claim, a plaintiff must plead sufficient factual allegations to raise a reasonable expectation that discovery will reveal evidence of the elements of the causes of action under the relevant statute. *See Fowler v. UMPC Shadyside*, 578 F.3d 203, 213 (3d Cir. 2009) (noting that, although a plaintiff need not establish a *prima facie* case to survive dismissal for failure to state a claim, she still must "put forth allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary element[s]" (quotations omitted)). A plaintiff may state a claim for employment discrimination by pleading facts to support (1) that she is a member of a protected class, (2) that she was qualified for the position she held or sought, (3) that she

suffered an adverse employment action, and (4) that the circumstances of the adverse employment action give rise to an inference of discrimination. *Johnson v. Keebler-Sunshine Biscuits, In*c., 214 F. App'x 239, 241 (3d Cir. 2007); *Connors v. Chrysler Fin. Corp.*, 160 F.3d 971, 973-74 (3d Cir. 1998).

Title VII also prohibits an employer from retaliating against an employee for opposing any act made unlawful by Title VII, or because she made a charge, testified, assisted, or participated in an investigation, proceeding, or hearing under Title VII. *See* 42 U.S.C. § 2000e-3; *Allstate Ins. Co.*, 778 F.3d at 449. A plaintiff may state a claim for retaliation by pleading facts to support (1) that she engaged in a protected employment activity; (2) that the employer took an adverse employment action against her; and (3) a causal link between the protected activity and the adverse employment action. *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016). To constitute a protected activity, the "EEOC lawsuit" alleged by Roseboro would have to have alleged a violation of Title VII's substantive anti-discrimination provisions, meaning that it involved discrimination based on race, color, religion, sex, or national origin. *Slagle v. Cnty. of Clarion*, 435 F.3d 262, 266 (3d Cir. 2006). In other words, a general complaint about unfair treatment does not constitute protected activity; a plaintiff must show that she complained *specifically* about unlawful discrimination. *Barber v. CSX Distrib. Servs.*, 68 F.3d 694, 702 (3d Cir. 1995).

Roseboro's case cannot proceed as pled. She names as Defendants her two supervisors at the U.S. Trustee's Office in Philadelphia. However, individual employees, including supervisors, are not liable under Title VII. *See Sheridan v. E.I. DuPont de Nemours and Co.*, 100 F.3d 1061, 1078 (3d Cir. 1996). Moreover, federal employees like Roseboro may only bring Title VII actions against the "head of the department, agency, or unit." 42 U.S.C. § 2000e-16(c); *see also Williams*

4

*v. Army & Air Force Exch. Serv.*, 830 F.2d 27, 29 (3d Cir. 1987) (concluding that the "correct defendant" under § 2000e-16(c) was the "head of the Defense Department (Secretary of Defense)"); *Murray v. DeJoy*, No. 23-0423, 2024 WL 4024073, at *3 (D.N.J. Sept. 3, 2024) (dismissing Title VII action against individually named employees and supervisors at the United States Postal Service and noting that the only proper defendant under § 2000e-16(c) was the Postmaster General as the "head of the agency"); *Bertha v. U.S. Postal Serv.*, 729 F. Supp. 31, 32 (E.D. Pa. 1990) (granting motion to dismiss where the plaintiff failed to name the head of the federal agency in Title VII lawsuit and amendment would have been futile as the statute of limitations had run).

Neither Vara nor Baker is alleged to be the head of the Department of Justice, the agency under which the United States Trustee Program falls. Accordingly, neither is a proper defendant in this Title VII action. *See Hall v. Small Bus. Admin.*, 695 F.2d 175, 180 (5th Cir. 1983) (holding that there was no cause of action under Title VII against a federal agency, its regional director, or its district director and that the only proper defendant was the Administrator as the head of the agency). Accordingly, Roseboro's Complaint must be dismissed. However, the Court will permit Roseboro to file an amended Complaint if she can name a proper Defendant and allege facts to state plausible claims in accordance with the elements of those claims, as provided by the Court.

**IV.   CONCLUSION**

For the foregoing reasons, the Court will grant Roseboro motion for leave to proceed *in forma pauperis* and will dismiss her Complaint without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Roseboro will be permitted to file an amended

complaint. In addition, Roseboro's Motion for the Appointment of Counsel will be denied without prejudice.[3] An appropriate order follows, which contains additional instructions as to amendment.

*NITZA I. QUIÑONES ALEJANDRO, J.*

---

[3] Roseboro's request will be denied without prejudice as premature. At this stage of the litigation, Roseboro's case has not yet passed the screening stage under 28 U.S.C. § 1915. *See Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993) (noting that before exercising discretion to appoint counsel, "the district court must consider as a threshold matter the merits of the plaintiff's claim"). Roseboro may renew her request after her amended complaint, if she files one, has been screened for merit. If Roseboro chooses to file a renewed motion for the appointment of counsel, she should do so in accordance with the factors set forth by the United States Court of Appeals for the Third Circuit in *Tabron*.