**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DEBORAH LEE ROSEBORO** | : | **CIVIL ACTION** |
| *Plaintiff* | : | |
| | : | |
| **v.** | : | **NO. 25-CV-5418** |
| | : | |
| **EXECUTIVE OFFICE OF THE** | : | |
| **UNITED STATES DEPARTMENT** | : | |
| **OF JUSTICE,** *et al.***,** | : | |
| *Defendants* | : | |

**M E M O R A N D U M**

NITZA I. QUIÑONES ALEJANDRO, J.                                JANUARY 13, 2026

Plaintiff Debora Lee Roseboro initiated this lawsuit by filing claims for employment discrimination and retaliation against her former supervisors at the United States Trustee's Office. Upon screening under 28 U.S.C. § 1915(e)(2), the Court granted her leave to proceed *in forma pauperis* and dismissed her original Complaint asserted against the supervisors and permitted her to file an amended complaint. *See Roseboro v. Baker*, No. 25-5418, 2025 WL 3268919, at *3 (E.D. Pa. Nov. 24, 2025). Roseboro filed the pending Amended Complaint. She again seeks the appointment of counsel. For the reasons set forth, Roseboro's Amended Complaint will be dismissed, without prejudice, to her filing a second amended complaint, and the motion for appointment of counsel is denied, as premature.

## I.    FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY[1]

In her initial Complaint, Roseboro, who is a Black woman, alleged that she was subjected to race-based discrimination and retaliation by two of her former supervisors at the United States Trustee's Office in Philadelphia, Pennsylvania; *to wit*:  Andrew R. Vara and Frederic J. Baker. (ECF No. 2 at 2, 4.)  The Court dismissed the Complaint because Roseboro, who was a federal employee, can only bring Title VII actions against the "head of the department, agency, or unit," *see* 42 U.S.C. § 2000e-16(c), and she failed to do so.  The Court granted her an opportunity to file an Amended Complaint, and she did.

In her Amended Complaint, Roseboro names as Defendants the Executive Office of the United States Department of Justice and the United States Trustee's Office.  (Am. Compl. at 2.) She again uses the Court's form complaint to allege employment discrimination to plead her claims.  She attaches to the form complaint documents that appear to have been submitted as part of her July 2025 appeal of an EEOC charge involving allegations of discrimination against her former supervisors.  (*See id*. at 6-16.)  Roseboro checked boxes on the form complaint indicating that she brings discrimination claims under Title VII of the Civil Rights Act of 1964 ("Title VII"). (Compl. at 1.)  She lists "termination of employment" and "retaliation" as the categories of discriminatory conduct to support her claims.  (*Id.* at 2-3.)  The facts in her Amended Complaint are brief.  She alleges that she filed an "EEOC lawsuit" against her former supervisors, Frederic Baker and Andrew Vera, and against a Human Resources representative, Diane Dugan.  (*Id*. at 3.) The lawsuit allegedly concerned "fraud [and] poor performance evaluations."  (*Id*.)  She further alleges that she was fired "on an illegal arrest warrant, which was dismissed," but that this "adverse action happened shortly after [she] engaged in protected activity."  (*Id*.)    Based on these

---

[1]    Unless otherwise stated, the following allegations are taken from the Amended Complaint (ECF No. 9.)  The Court adopts the sequential pagination supplied by the CM/ECF docketing system.

allegations, Roseboro asserts race discrimination and retaliation claims under Title VII.  For relief, she requests money damages, reinstatement and promotion at the U.S. Trustee's Office.  (*Id*. at 5.)

## II.    STANDARD OF REVIEW

As Roseboro is proceeding *pro se*, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Amended Complaint if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  A complaint may also be dismissed for failing to comply with Federal Rule of Civil Procedure ("Rule") 8.  *Garrett v. Wexford Health*, 938 F.3d 69, 91 (3d Cir. 2019).  To conform to Rule 8, a pleading must contain a short and plain statement showing that the plaintiff is entitled to relief.  *See* Fed. R. Civ. P. 8(a)(2).  In determining whether a pleading meets Rule 8's "plain" statement requirement, the Court should "ask whether, liberally construed, a pleading 'identifies discrete defendants and the actions taken by these defendants' in regard to the plaintiff's claims."  *Garrett*, 938 F.3d at 93 (citation omitted).  "[A] pleading that is so 'vague or ambiguous' that a defendant cannot reasonably be expected to respond to it will not satisfy Rule 8."  *Id.*  The important consideration for the Court is whether "a pro se complaint's language . . . presents cognizable legal claims to which a defendant can respond on the merits."  *Id.* at 94.

At this early stage of the litigation, the Court will accept the facts alleged in the *pro se* Complaint as true, draw all reasonable inferences in Roseboro's favor, and ask only whether the

Complaint contains facts sufficient to state a plausible claim.  *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024).  Conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678.  The Court construes the allegations of a *pro se* litigant liberally.  *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).


## III.    DISCUSSION

Roseboro asserts race discrimination and retaliation claims under Title VII.  Federal law prohibits employment discrimination based on race, among other things.  *See E.E.O.C. v. Allstate Ins. Co.*, 778 F.3d 444, 448-49 (3d Cir. 2015) (citing 42 U.S.C. § 2000e-2(a)).  To state a plausible employment discrimination claim, a plaintiff must plead sufficient factual allegations to raise a reasonable expectation that discovery will reveal evidence of the elements of the causes of action under the relevant statute.  *See Fowler v. UMPC Shadyside*, 578 F.3d 203, 213 (3d Cir. 2009) (noting that, although a plaintiff need not establish a *prima facie* case to survive dismissal for failure to state a claim, she still must "put forth allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary element[s]" (quotations omitted)).  A plaintiff may state a claim for employment discrimination by pleading facts to support (1) that she is a member of a protected class, (2) that she was qualified for the position she held or sought, (3) that she suffered an adverse employment action, and (4) that the circumstances of the adverse employment action give rise to an inference of discrimination.  *Johnson v. Keebler-Sunshine Biscuits, In*c., 214 F. App'x 239, 241 (3d Cir. 2007); *Connors v. Chrysler Fin. Corp.*, 160 F.3d 971, 973-74 (3d Cir. 1998).

Title VII also prohibits an employer from retaliating against an employee for opposing any act made unlawful by Title VII, or because she made a charge, testified, assisted, or participated in an investigation, proceeding, or hearing under Title VII. *See* 42 U.S.C. § 2000e-3; *Allstate Ins. Co*., 778 F.3d at 449. A plaintiff may state a claim for retaliation by pleading facts to support (1) that she engaged in a protected employment activity; (2) that the employer took an adverse employment action against her; and (3) a causal link between the protected activity and the adverse employment action. *Connelly v. Lane Const. Corp*., 809 F.3d 780, 789 (3d Cir. 2016). To constitute a protected activity, the "EEOC lawsuit" alleged by Roseboro would have to have alleged a violation of Title VII's substantive anti-discrimination provisions, meaning that it involved discrimination based on race, color, religion, sex, or national origin. *Slagle v. Cnty. of Clarion*, 435 F.3d 262, 266 (3d Cir. 2006). In other words, a general complaint about unfair treatment does not constitute protected activity; a plaintiff must show that she complained *specifically* about unlawful discrimination. *Barber v. CSX Distrib. Servs*., 68 F.3d 694, 702 (3d Cir. 1995).

Roseboro has again failed to name a proper Defendant to proceed on her Title VII claims. As the Court explained in its November 24, 2025 Memorandum, federal employees like Roseboro may only bring Title VII actions against the "head of the department, agency, or unit." *Roseboro*, 2025 WL 3268919, at *3 (citing 42 U.S.C. § 2000e-16(c)); *see also Williams v. Army & Air Force Exch. Serv*., 830 F.2d 27, 29 (3d Cir. 1987) (concluding that the "correct defendant" under § 2000e-16(c) was the "head of the Defense Department (Secretary of Defense)"); *Murray v. DeJoy*, No. 23-0423, 2024 WL 4024073, at *3 (D.N.J. Sept. 3, 2024) (dismissing Title VII action against individually named employees and supervisors at the United States Postal Service and noting that the only proper defendant under § 2000e-16(c) was the Postmaster General as the "head of the

agency"); *Bertha v. U.S. Postal Serv.*, 729 F. Supp. 31, 32 (E.D. Pa. 1990) (granting motion to dismiss where the plaintiff failed to name the head of the federal agency in Title VII lawsuit and amendment would have been futile as the statute of limitations had run)).  Roseboro names the Agency this time — the Executive Office of the Department of Justice — but she does not name the individual who is the head of that agency.

Roseboro has also not alleged sufficient factual allegations to raise a reasonable expectation that discovery will reveal evidence of race discrimination or retaliation.  She alleges merely that she was terminated on an "illegal arrest warrant" and that this "adverse action" occurred "shortly after she engaged in protected activity."  (Am. Compl. at 3.)  These allegations fall far short of even the minimal requirements under Rule 8.  *Garrett*, 938 F.3d at 92; *see also Afzal v. N.J. Bd. of Med. Examiners*, No. 22-1609, 2022 WL 4533826, at *3 (3d Cir. Sept. 28, 2022) (*per curiam*) (affirming dismissal of complaint pursuant to Rule 8 because plaintiff failed to plead adequate factual content to support a reasonable inference that defendants were liable and failed to present cognizable legal claims to which defendants could respond on the merits).

Moreover, aside from placing a checkmark on the form Complaint indicating that she was discriminated against on the basis of race, (*see* Am. Compl. at 3), Roseboro includes no facts to support a plausible inference that Defendant's actions were motivated in any way by her race.  *See Culler v. Sec'y of U.S. Veterans Affairs*, 507 F. App'x 246, 249 (3d Cir. 2012) (*per curiam*) (explaining that "[t]he discrimination must be 'because of' the employee's protected status or activity" (quoting *Andreoli v. Gates*, 482 F.3d 641, 644 (3d Cir. 2007))); *see also Peebles v. Chain IQ Americas, Inc.*, 737 F. Supp. 3d 285, 290 (E.D. Pa. 2024) (dismissing Title VII race discrimination claim because the "single conclusory statement" that the plaintiff's "employment was terminated because of her race and/or color" was not sufficient to state a plausible claim).  Nor

6

does Roseboro allege when she was allegedly terminated to support an inference of temporal proximity between the protected activity and the adverse employment action. *See Morozin v. Phila. Hous. Auth.*, No. 18-2174, 2019 WL 3824228, at *7 (E.D. Pa. Aug. 13, 2019) (dismissing retaliation claims because the complaint did not allege the specific dates of the protected activity and the retaliatory conduct or specify how much time elapsed between the two events).

To the extent that Roseboro intended to assert employment discrimination claims based on the exhibits she attaches to her Amended Complaint, many of which appear to be documents related to her EEOC charge and appeal, she should know that a plaintiff may not state a claim by relying solely on exhibits. *See Estate of Egenious Coles, Estate of Egenious Coles v. Zucker, Goldberg & Ackerman*, 658 F. App'x 108, 111 (3d Cir. 2016); *see also Berkery v. Credit Collection Servs.*, No. 21-3809, 2021 WL 4060454, at *2 (E.D. Pa. Sept. 7, 2021) ("While a court may consider exhibits attached to a complaint, merely attaching exhibits is insufficient to meet the requirement that a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face."); *Coates v. Chimes/Holcomb Behav. Health*, No. 25-5993, 2025 WL 2983160, at *3 (E.D. Pa. Oct. 22, 2025) ("Accordingly, Coates's Complaint must be dismissed for failure to comply with Rules 8 and 10 since merely attaching her EEOC paperwork fails to provide the Defendant with sufficient notice to prepare its defense and the Court is not sufficiently informed to determine the nature of the claims."). Rather, a plaintiff must articulate in narrative form the facts giving rise to the claims that she intends to pursue. In any event, the contents of the exhibits do not support a plausible inference that Roseboro was discriminated against due to her race or retaliated against for filing an EEOC lawsuit.

IV.    **CONCLUSION**

For the foregoing reasons, the Court will dismiss Roseboro's Amended Complaint without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  Roseboro will be permitted to file a second amended complaint to the extent she can name a proper party and assert facts to state plausible Title VII claims.  Roseboro's second Motion for the Appointment of Counsel is denied, without prejudice.[2]  An appropriate order follows, which contains additional instructions as to amendment.

*NITZA I. QUIÑONES ALEJANDRO, J.*

---

[2]    Roseboro's request for counsel will again be denied without prejudice as premature.  At this stage of the litigation, Roseboro's case has not yet passed the screening stage under 28 U.S.C. § 1915.  *See Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993) (noting that before exercising discretion to appoint counsel, "the district court must consider as a threshold matter the merits of the plaintiff's claim").  Roseboro may renew her request after her second amended complaint, if she files one, has been screened for merit.  If Roseboro chooses to file a renewed motion for the appointment of counsel after screening, she should do so in accordance with the factors set forth by the United States Court of Appeals for the Third Circuit in *Tabron*.