**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DEBORAH LEE ROSEBORO** | : | **CIVIL ACTION** |
| *Plaintiff* | : | |
| | : | |
| **v.** | : | **NO. 25-CV-5418** |
| | : | |
| **EXECUTIVE OFFICE OF THE** | : | |
| **UNITED STATES DEPARTMENT** | : | |
| **OF JUSTICE,** *et al.*, | : | |
| *Defendants* | : | |

**M E M O R A N D U M**

NITZA I. QUIÑONES ALEJANDRO, J.                                       APRIL 14, 2026

In her original complaint, Plaintiff Debora Lee Roseboro purports to assert claims for

employment discrimination and retaliation against her former federal employer.  (ECF 1).  Upon

screening under 28 U.S.C. § 1915(e)(2), the Court granted her leave to proceed *in forma pauperis*

and dismissed her original complaint as asserted against improper defendants (her individually

named supervisors) and granted her leave to file an amended complaint.  (*See* ECF Nos. 6, 7); *see*

*also Roseboro v. Baker*, No. 25-5418, 2025 WL 3268919, at *3 (E.D. Pa. Nov. 24, 2025).

Roseboro returned with an Amended Complaint against the Executive Office of the United States

Department of Justice and the United States Trustee's Office.  (ECF No. 9.)  The Court dismissed

Roseboro's Amended Complaint because she again failed to name a proper Defendant for a

discrimination action against a federal government employer and because she otherwise failed to

state plausible employment discrimination and retaliation claims.  (ECF Nos. 11, 12); *see also*

*Roseboro v. Exec. Off. of United States Dep't of Just.*, No. 25-5418, 2026 WL 91880, at *4 (E.D.

Pa. Jan. 13, 2026).  The Court permitted Roseboro another opportunity to amend her claims and

name a proper defendant.  Roseboro filed the pending Second Amended Complaint.  (ECF No. 13.)  For the reasons set forth, Roseboro's Amended Complaint is dismissed with prejudice.

## I.   FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY[1]

In her initial Complaint, Roseboro, who is a Black woman, alleged that she was subjected to race-based discrimination and retaliation by two of her former supervisors at the United States Trustee's Office in Philadelphia, Pennsylvania; *to wit*:  Andrew R. Vara and Frederic J. Baker. (ECF No. 2 at 2, 4.)  The Court dismissed the Complaint because Roseboro, who was a federal employee, can only bring Title VII actions against the "head of the department, agency, or unit," *see* 42 U.S.C. § 2000e-16(c), and she failed to do so.  However, the Court granted her an opportunity to file an Amended Complaint, and she did.  (*See* ECF No. 9.)  In her Amended Complaint, Roseboro named as Defendants the Executive Office of the United States Department of Justice and the United States Trustee's Office.  (*Id*.)  In her Amended Complaint, Roseboro alleged that she filed an "EEOC lawsuit" against her former supervisors and a Human Resources representative, Diane Dugan.  (*Id*. at 3.)  The lawsuit allegedly concerned "fraud [and] poor performance evaluations."  (*Id*.)  She further alleged that she was fired "on an illegal arrest warrant, which was dismissed," and that this "adverse action happened shortly after [she] engaged in protected activity."  (*Id*.)  Based on these allegations, Roseboro asserted race discrimination and retaliation claims under Title VII.

The Court dismissed the Amended Complaint because Roseboro again failed to name the "head of the [federal] department, agency, or unit." (ECF No. 9 at 5-6.)  The Court also concluded that Roseboro failed to allege sufficient factual allegations to raise a reasonable expectation that

---

[1]   Unless otherwise stated, the following allegations are taken from the Second Amended Complaint (ECF No. 13.)  The Court adopts the sequential pagination supplied by the CM/ECF docketing system.

discovery will reveal evidence of race discrimination or retaliation. (*Id*. at 6.) The Court also warned Roseboro that she cannot state a plausible claim by relying solely on the EEOC documents that she attached to her Amended Complaint but instead must "articulate in narrative form" the facts giving rise to her claims. (*See id*. at 7 ("To the extent that Roseboro intended to assert employment discrimination claims based on the exhibits she attaches to her Amended Complaint, many of which appear to be documents related to her EEOC charge and appeal, she should know that a plaintiff may not state a claim by relying solely on exhibits.").) The Court permitted Roseboro another opportunity to submit an amended complaint. (*Id*. at 8.)

Roseboro filed a Second Amended Complaint, which again names as Defendants the "Executive Office of the United States Department of Justice" and the "United States Trustee Office." (Sec. Am. Compl. at 2.) Roseboro again uses the Court's form complaint to allege employment discrimination to plead her claims and attaches to the form complaint documents that appear to have been submitted as part of her June 2025 motion for reconsideration of the EEOC's decision dismissing her appeal as untimely. (*See id*. at 9-19, 39-42.) Roseboro checked boxes on the form complaint indicating that she brings discrimination claims under Title VII of the Civil Rights Act of 1964 ("Title VII"). (*Id*. at 1.) She lists "termination of employment" and "retaliation" as the categories of discriminatory conduct to support her claims. (*Id*. at 1.) She also lists as a category that her boss, Frederic Baker, "knew he was committing fraud" and "fired [her] on an illegal warrant in retaliation." (*Id*. at 3.)

Roseboro alleges in the Second Amended Complaint that she filed an "EEOC lawsuit" against Baker, Vera, and Dugan, "[f]or fraud, [and] poor performance evaluations every year." (*Id*. at 3.) She further alleges that she was "fired on an illegal arrest warrant, which was dismissed." (*Id*.) She states that this "adverse action" occurred "shortly after [she] engaged in protected

activity," which she alleges shows "a direct link between the two events." (*Id*.)  Roseboro further alleges that she was "fraudulently denied promotions while working on paralegal work since 2009." (*Id*. at 6.)  During this time, she allegedly never received a promotion, bonus, award, or thank you from her bosses. (*Id*.)  She indicates that, "every year" she asked Baker for a promotion, but he always said "no" without explanation. (*Id*. at 6, 7.)  She further indicates that her "white colleagues received multiple promotions for much less work," which made her feel "used and abused." (*Id*. at 7, 8.)

Despite the Court's warning to Roseboro not to rely on exhibits attached to her pleadings for asserting claims, *see Roseboro*, 2026 WL 91880, at *3, she appears to do so again (*see* Sec. Am. Compl. at 9-19, 39-42).  The exhibits relate to Roseboro's motion for reconsideration of the EEOC's dismissal of her appeal.  The exhibits reveal that Roseboro filed a claim with the EEOC in October of 2021, based on her performance evaluations and the fact that, "for over 15 years," she "had to write [her] own performance evaluations" so that her employer could "avoid promoting [her]." (*Id*. at 9.)  The exhibits further reveal that Baker "manipulated all of [Roseboro's] evaluations to justify denying promotions based on discriminatory reasons." (*Id*.)  When Roseboro complained to HR that she was not being promoted, Dugan's response was that "[t]his is Mr. Baker's office [and] he can do whatever he wants to do." (*Id*. at 10.)  Finally, the exhibits reveal that Roseboro was terminated in January 2022 "due to an illegal arrest warrant" that was ultimately "dismissed."[2]  (*Id*. at 11.)  Based on these allegations, Roseboro asserts race discrimination and

---

[2]      Roseboro also attaches as an exhibit to her Second Amended Complaint a copy of the criminal docket, *Commonwealth v. Roseboro*, MJ-38104-CR-0000159-2021 (M.J. Montgomery). (Sec. Am. Compl. at 17-19.)  The docket reveals that the charges against Roseboro were dismissed in October of 2023, over a year after she was allegedly terminated.  The docket also reveals that a criminal complaint against Roseboro was filed, and an arrest warrant was issued on August 21, 2021, which occurred before she was terminated.  *Id*.

retaliation claims under Title VII.[3]  (*Id*. at 1-3.)  For relief, Roseboro requests reinstatement of her job, a promotion, and 250 million dollars.  (*Id*. at 6.)

## II.   STANDARD OF REVIEW

As Roseboro is proceeding *pro se*, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Amended Complaint if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  At this early stage of the litigation, the Court will accept the facts alleged in the *pro se* Complaint as true, draw all reasonable inferences in Roseboro's favor, and ask only whether the Complaint contains facts sufficient to state a plausible claim.  *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024). Conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678.  The Court construes the allegations of a *pro se* litigant liberally.  *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

---

[3]       For the first time in this case, Roseboro checks the boxes on her standard complaint form indicating that she asserts discrimination claims on the basis of her age (68) and gender/sex (female). (Sec. Am. Compl. at 3.)  Roseboro did not assert age or sex discrimination claims in her original Complaint or her Amended Complaint.  Despite checking the boxes, there are no factual allegations in the Second Amended Complaint to support a reasonable inference that Roseboro was discriminated or retaliated against based on her age and sex.  Accordingly, to the extent that Roseboro intended to assert age and sex discrimination claims in her Second Amended Complaint, they are not plausible.

### III.   DISCUSSION

Roseboro asserts race discrimination and retaliation claims under Title VII.  Federal law prohibits employment discrimination based on race, among other things.  *See E.E.O.C. v. Allstate Ins. Co.*, 778 F.3d 444, 448-49 (3d Cir. 2015) (citing 42 U.S.C. § 2000e-2(a)).  Her Second Amended Complaint must be dismissed, however, because she has again failed to name a proper Defendant to proceed on her Title VII claims.  As the Court explained in its November 24, 2025 and January 13, 2026 Memoranda, federal employees like Roseboro may only bring Title VII actions against the "head of the department, agency, or unit."  *Roseboro*, 2025 WL 3268919, at *3 (citing 42 U.S.C. § 2000e-16(c)); *Roseboro*, 2026 WL 91880, at *3 (same); *see also Williams v. Army & Air Force Exch. Serv.*, 830 F.2d 27, 29 (3d Cir. 1987) (concluding that the "correct defendant" under § 2000e-16(c) was the "head of the Defense Department (Secretary of Defense)"); *Murray v. DeJoy*, No. 23-0423, 2024 WL 4024073, at *3 (D.N.J. Sept. 3, 2024) (dismissing Title VII action against individually named employees and supervisors at the United States Postal Service and noting that the only proper defendant under § 2000e-16(c) was the Postmaster General as the "head of the agency").  Roseboro again names the Agency—the Executive Office of the Department of Justice—but she does not name the individual who is the head of that agency.

Even if the Court were to liberally construe the Second Amended Complaint as naming a proper defendant, the pleading is still deficient in that Roseboro has also not alleged sufficient factual allegations to raise a reasonable expectation that discovery will reveal evidence of race discrimination or retaliation.  *See Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016) (holding that, to state a claim for employment discrimination under Title VII, a plaintiff must allege sufficient facts to raise a reasonable expectation that her membership in a protected class was

6

"either a 'motivating' or 'determinative' factor" in her employer's adverse employment action. ). As best as the Court can discern, Roseboro's discrimination claims are based on allegations that she was "passed over for promotions" since 2009 even though her "white colleagues received multiple promotions." (Sec. Am. Compl. at 6-8.) These allegations are too vague and unspecific—spanning a 13-year timeframe—to allow a defendant to reasonably respond on the merits. *See Garrett v. Wexford Health*, 938 F.3d 69, 91 (3d Cir. 2019); *see also Houston v. Easton Area Sch. Dist.*, No. 03-3494, 2010 WL 4236924, at *6 (E.D. Pa. Oct. 25, 2010) (dismissing discrimination claim where "Plaintiff's accusations that Defendant discriminated against him with respect to pay for over twenty years since the 1970s are vague and non-specific as to time"), *aff'd*, 444 F. App'x 523 (3d Cir. 2011); *see also Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) ("[A] civil rights complaint is adequate where it states the conduct, time, place, and persons responsible" for the discrimination).

Similarly, Roseboro has failed to cure the defects in her retaliation claims. The Court explained in its January 13 Memorandum that, in order to state a plausible retaliation claim, Roseboro had to allege facts about engaging in a protected employment activity, suffering an adverse employment action, and a causal link between the two. *Roseboro*, 2026 WL 91880, at *2. Moreover, the Court explained that the protected employment activity must address unlawful discrimination under Title VII and that "[a] general complaint about unfair treatment does not constitute protected activity." (*Id*.) In her Second Amended Complaint, Roseboro does not allege that she engaged in protected employment activity *related to unlawful discrimination*. Rather, she states that her EEOC "lawsuit" is related to "fraud" and "poor performance evaluations" over the course of many years. (*See* Sec. Am. Compl. at 3.) Complaining about fraud and performance evaluations are not protected employment activities because they do not allege a violation of Title

VII's substantive anti-discrimination provisions. *See Barber v. CSX Distrib. Servs.*, 68 F.3d 694, 702 (3d Cir. 1995); *Slagle v. County of Clarion*, 435 F.3d 262, 266 (3d Cir. 2006). Even if the Court were to liberally construe the exhibits attached to Roseboro's Second Amended Complaint as complaints about conduct made unlawful by Title VII, the exhibits were drafted in June 2025 as part of a motion to reconsider the EEOC's dismissal of her case, which was at least three years *after* Roseboro was terminated. Thus, the exhibits cannot support a reasonable inference that she was terminated because of allegations of discrimination she later made in her motion to reconsider.

Moreover, Roseboro does not complain that she was terminated due to her race. Rather, she specifically avers that she was "fired on an illegal arrest warrant" that was ultimately dismissed over a year after her termination. (Sec. Am. Compl. at 3.) Her conclusory allegation that "an adverse action happened shortly after [she] engaged in protected activity" and, thus, constitutes a "direct link between the two events (*see* Sec. Am. Compl. at 3), is insufficient to state a plausible retaliation claim. *Martinez v. UPMC Susquehanna*, 986 F.3d 261, 266 (3d Cir. 2021) (explaining that "[a] plaintiff cannot survive dismissal just by alleging the conclusion to an ultimate legal issue" and that "discriminatory purpose" is the ultimate conclusion in a discrimination case); *see also Robinson v. City of Pittsburgh*, 120 F.3d 1286, 1302 (3d Cir. 1997) ("[T]he mere fact that adverse employment action occurs after a [protected activity] will ordinarily be insufficient to satisfy the plaintiff's burden of demonstrating a causal link between the two events."), *abrogated on other grounds by Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53 (2006).

## IV.    CONCLUSION

For the foregoing reasons, Roseboro's Second Amended Complaint is dismissed with prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  Having provided Roseboro with a third opportunity to state her claims plausibly, the Court concludes that further attempts at amendment would be futile.  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002); *Jones v. Unknown D.O.C. Bus Driver & Transp. Crew*, 944 F.3d 478, 483 (3d Cir. 2019) (noting that amendment by *pro se* litigant would be futile when litigant "already had two chances to tell his story"); *see also Gowans v. Axsom*, No. 25-2070, 2025 WL 2848907, at *2 (3d Cir. Oct. 8, 2025) (*per curiam*) (affirming where district court instructed plaintiff about the deficiencies in his complaint and gave leave to amend but the plaintiff's subsequent filing "did not heed the Court's direction").  An order of dismissal will be entered separately.  Fed. R. Civ. P. 58(a).

*NITZA I. QUIÑONES ALEJANDRO, J*